**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **MELANIE CHANTELL LATRONICA,**<br><br>　　Plaintiff,<br><br>　　v.<br><br>**MARTIN O. HALFHILL,** *et al.*,<br><br>　　Defendants. | Case No.: 14-cv-4257 YGR<br><br>**ORDER:**<br>**(1) DENYING REQUEST TO PROCEED *IN FORMA PAUPERIS* WITHOUT PREJUDICE;**<br>**(2) DISMISSING CASE WITH LEAVE TO AMEND; AND**<br>**(3) DENYING TEMPORARY RESTRAINING ORDER AS MOOT** |

The Court has received the Complaint and Application to Proceed *in Forma Pauperis*, both filed on September 19, 2014, by Plaintiff Melanie Latronica, as well as her motion for temporary restraining order, also filed on that date.

The Court may authorize a plaintiff to commence an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or give security. 28 U.S.C. § 1915(a). Plaintiff's declaration makes the showing of inability to pay required by 28 U.S.C. § 1915(a).

However, determining that Plaintiff meets the requirements of section 1915(a) does not complete the required inquiry. Pursuant to section 1915(e)(2), a court may dismiss the case without payment of filing fees at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2). A complaint is classified as "frivolous" where "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Where a complaint fails to state that any constitutional or statutory right was

1  violated and fails to assert any basis for federal subject matter jurisdiction, there is no arguable
2  basis in law under *Neitzke* and the Court may dismiss the complaint under 19 U.S.C. §
3  1915(e)(2)(B). *See also Denton v. Hernandez*, 504 U.S. 25, 32(1992) (court may dismiss claims
4  that are "clearly baseless" or "wholly incredible").

5  Moreover, federal courts are courts of limited jurisdiction.  They have no power to consider
6  claims for which they lack subject-matter jurisdiction. *See Chen-Cheng Wang ex rel. United States*
7  *v. FMC Corp.*, 975 F.2d 1412, 1415 (9th Cir. 1992).  While California superior courts are courts of
8  general, unlimited jurisdiction and can render enforceable judgments in practically any type of case,
9  federal courts can only adjudicate cases that the Constitution or Congress authorize them to
10 adjudicate.  Those cases involve diversity of citizenship (where the parties are from different
11 states), a federal question (arising under the Constitution, laws, or treaties of the United States), or
12 cases to which the United States is a party. *See, e.g.*, *Kokkonen v. Guardian Life Insur. Co. of Am.*,
13 511 U.S. 375 (1994).  Federal courts are presumptively without jurisdiction over civil cases and the
14 burden of establishing the contrary rests upon the party asserting jurisdiction. *Id*. at 377.  If the
15 Court determines that subject matter jurisdiction is lacking, the Court must dismiss the case.
16 *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983); Fed. R. Civ. P. 12(h)(3).

17 Here, the claims alleged by Plaintiff are clearly baseless and state no basis for this Court's
18 jurisdiction.  The Court is unable to discern from Plaintiff's complaint what claim she is alleging
19 against whom, and what relief she is seeking from the Court.  Plaintiff alleges that she is "a chattel"
20 and "was taken before the age of three and violated where cybernetics is concerned and put in
21 chattel bodies." (Complaint at 2.)  She alleges that "[e]very time I was in my body they wouldn't
22 leave me in myself, instead they keep putting me in people who I'm not." (*Id*.)  Plaintiff names a
23 number of defendants, including "NSA," "WestCal Management," the Stanislaus and Contra Costa
24 County Boards of Supervisors, Merrill Lynch, Martin O. Halfhill, Hermesh Lee Sangha, Laura
25 Reeder, Fred Martin, Steven Smith, Justin Lee Bartha, and Royal Palms.  She alleges that
26 Defendants "are guilty of the worst crimes against humanity and the Conspiring of so in order to
27 deprive, depress, interrupt, [and] disrupt." (*Id.*)
28

The allegations against Defendants are largely incoherent, reciting a jumble of claims of "mass bodily injury," abuse, wrongful eviction, torture, "tap out trade and switch" and other wrongdoing. Plaintiff lists several amendments to the U.S. Constitution and articles adopted by the United Nations, though it is unclear whether she alleges that any of these were violated, by whom, and under what legal authority she is pursuing a claim for their violation. (Complaint at 10-14.) She likewise lists a number of "causes of action" including assault, battery, invasion of privacy, stalking, negligence, fraud, slander, blasphemy, mayhem, revenge, and illegal slavery, though again she does not allege what facts establish those claims, or against which defendants they are made. (Complaint at 14.) Finally, she lists a number of statutes (*e.g.,* Foreign Intelligence Surveillance Act, 50 U.S.C. §1801; Electronic Communications Privacy Act, 18 U.S.C. § 2510; Stored Communications Act, 18 U.S.C. § 2710; 47 U.S.C. § 233(a)(i)(9)(A) [electronic harassment]; 18 U.S.C. § 2261 [cyberstalking]), but does not explain the basis for any claims thereunder or against whom they are stated. (Complaint at 15-16.) In the conclusion of her Complaint, Plaintiff alleges that she seeks a writ and mandatory restitution for "victims loses [*sic*] and the forfeiture of Property," as well as a temporary restraining order that "specific behavior be stopped" including "torture" and "involuntary servitude without due process." (Complaint at 17.)

To the extent Plaintiff's allegations here are at all comprehensible, they do not allege any plausible claim against Defendants. On the contrary, the allegations "rise to the level of the irrational or the wholly incredible" and are properly dismissed at this stage. *Denton*, 504 U.S. 25 at 33.

Plaintiff's request for a temporary restraining order and preliminary injunction is based on the Complaint, and restates many of the same allegations therein. In addition, the motion attaches: (1) one page of a residential lease agreement between Plaintiff and Royal Palms Apartments for an apartment in Modesto; (2) a sixty-day notice of termination of tenancy addressed to Plaintiff, dated July 18, 2014; and (3) a June 19, 2014 letter signed by Laura Reeder, identified as the manager of Royal Palm Apartments, concerning termination of Plaintiff's tenancy for violation of the quiet enjoyment clause of the lease agreement. (Dkt. No. 2 at 6-8.) Even if the Court were to infer from these documents that Plaintiff is seeking relief from an eviction, eviction and unlawful detainer

proceedings are matters of state law for which this Court has no jurisdiction.  Indeed, even evictions in federal subsidized housing programs are "left by Congress and HUD to state law." *Gallman v. Pierce,* 639 F.Supp. 472, 478 (N.D.Cal.1986) (no jurisdiction over termination of Section 8 housing agreement); *Lundy v. Bradach*, 14-CV-00430-LHK, 2014 WL 726559 (N.D. Cal. Feb. 25, 2014) (same).  Again, the Court does not detect in the Complaint any allegations relating to the lease or letters, nor does it find these documents establish any plausible claim for granting injunctive relief against any of the defendants.

Consequently, the Court finds that the Complaint should be dismissed pursuant to section 1915(e)(2)(B)(i) and (ii) for frivolousness and failure to state a claim on which relief may be granted.  Plaintiff is, however, granted leave to file an amended complaint if she can allege a cognizable legal theory and sufficient facts in support of that legal theory.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*) (district courts must afford *pro se* litigants an opportunity to amend to correct any deficiency in their complaints).  Because the Complaint is properly dismissed as frivolous, the motion for a temporary restraining order and preliminary injunction is also denied.

## ORDER

Accordingly, the Court **ORDERS** as follows:

(1) Plaintiff's Complaint is **DISMISSED WITH LEAVE TO AMEND**;

(2) If Plaintiff wishes to pursue this action, she must file an amended complaint no later than **October 29, 2014**.  If Plaintiff fails to an Amended Complaint by October 29, 2014, the case will be dismissed under Rule 41(b) for failure to prosecute.  *Toyota Landscape Co., Inc. v. Building Material & Dump Truck Drivers Local 420*, 726 F.2d 525, 528 (9th Cir. 1984).

(3) Plaintiff's request to proceed *in forma pauperis* is **DENIED WITHOUT PREJUDICE** to resubmitting in connection with any amended complaint;

(4) Plaintiff's request for temporary restraining order and preliminary injunction (Dkt. No. 2) is **DENIED AS MOOT** in light of the dismissal of her Complaint.

**NOTICE TO PLAINTIFF**

The Court again cautions Plaintiff Latronica that repeated frivolous filings may result in imposition of a pre-filing order and a declaration that she is a vexatious litigant. This Court previously advised Plaintiff Latronica of the consequences of repeated frivolous filings in connection with one of her prior actions. (*See Latronica v. United States et al.*, Case No. 13-cv-5685 YGR ("*Latronica I*") Dkt. No. 40 at 3 n.2.; *see also Latronica v United States et al.,* Ninth Circuit Court of Appeal No. 14-15460, at Dkt. No. 12 [affirming order of dismissal] and Dkt. No. 14 [denying reconsideration].) The Court notes that, in addition to that prior action, a number of other similar federal court actions filed by Plaintiff outside this district have been dismissed as frivolous. (*See Latronica v. Obama*, Eastern District of California Case No. 12-cv-1592, dismissed August 27, 2012; *Latronica v. State of California, et al.*, Eastern District of California Case No. 12-cv-1047, dismissed August 22, 2012, appeal dismissed by the Ninth Circuit's order of June 20, 2013, and reconsideration denied by order of July 1, 2013; *Latronica v. Superior Court of California, et al.,* Eastern District of California Case No. 09-1162, dismissed August 19, 2009, affirmed on appeal by the Ninth Circuit on September 28, 2009, and reconsideration denied by order of January 26, 2010.) Finally, the Court again notes that Plaintiff has been declared a vexatious litigant by the California state courts in a pre-filing order issued January 23, 2009. (*Vexatious Litigant List: From Prefiling Orders Received by California Courts*, available at http://www.courts.ca.gov/documents/vexlit.pdf.)

This Order terminates Docket Numbers 2 & 5.

**IT IS SO ORDERED**.

Date: September 30, 2014

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**