United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

MELANIE CHANTELL LATRONICA,

    Plaintiff,

    v.

MARTIN O. HALFHILL, *et al.*,

    Defendants.

Case No.: 14-cv-4257 YGR

ORDER GRANTING MOTION OF DEFENDANT CITY OF MODESTO TO DISMISS FIRST AMENDED COMPLAINT

Plaintiff Melanie Chantell Latronica ("Latronica") filed her original complaint in this action on September 19, 2014, along with a request to proceed in forma pauperis. The Court, in its Order of September 30, 2014, denied plaintiff's request to proceed *in forma pauperis* without prejudice and dismissed her case with leave to amend. (Dkt. No. 9.) As the Court outlined in that Order, the complaint stated no discernible basis for subject matter jurisdiction and was largely unintelligible as to the nature of any claim, the basis for that claim, and against whom the claim was stated. Latronica was given leave to amend.

Latronica thereafter paid the filing fee and filed her First Amended Complaint on October 28, 2014. (Dkt. No. 18.) On November 20, 2014, Defendant City of Modesto filed its Motion to Dismiss. (Dkt. No. 26.) On November 21, 2015, the Court issued an Order To Show Cause the claims in the First Amended Complaint should not be dismissed for lack of subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1332, which required her to file a written response no later than December 22, 2014. (Dkt. No. 27.)

Plaintiff has filed a number of documents since that date, including:

United States District Court

Northern District of California

1    (1) Notice of Motion for Hearing Request for Order Judicial Notice/Expedited Preliminary

2    Injunction/Temporary Restraining Order (Dkt. No. 29, filed December 10, 2014);

3    (2) Declaration Notice to Court Pertaining to Order September 29, 2014 Pertaining to

4    Plaintiffs Consent to Proceed before the Magistrate Judge and new Consent signed mailed with this

5    Declaration (Dkt. No. 31, filed December 10, 2014);

6    (3) Request for Entry of Default (Dkt. No. 37, filed December 16, 2014);

7    (4)  Motion for Entry of Default (Dkt. Nos. 37, filed December 16, 2014);

8    (5) Motion for Default Judgment (Dkt. No. 38, filed December 16, 2014;

9    (6) "Opposition to City of Modesto's Motion to dismiss case against Defendant Modesto et

10   all (County Seal) Affidavit in Support Thereof" (Dkt. No. 41, filed December 22, 2014)[1];

11   (7) "Declaration Notice to Court: Informing about the poisons to name only a few there's

12   more" (Dkt. No. 42, filed December 22, 2014);

13   (8) "Motion Declaration to Honorable Court in light of….[sic]" (Dkt. No. 43, filed January 2,

14   2015);

15   (9) Motion for Entry of Default and Motion for Default Judgment (against all defendants)

16   (Dkt. Nos. 46, and 47, filed January 20, 2015);

17   (10) "Notice Hearing/ Injunction Requested for hearing 1/15/15" (Dkt. No. 50, filed January

18   27, 2015);

19   (11) a letter with attachments addressed to Honorable Claudia Wilken with the heading

20   "Emergency Protective Order" (Dkt. No. 51, filed January 27, 2015); and

21   (12) Motion for issuance of subpoenas (Dkt. No. 52, filed January 30, 2015).

22   Latronica's First Amended Complaint remains essentially incomprehensible.  She appears to

23   be attempting to state claims against a number of private and public entity defendants, including the

24   City of Modesto, the Stanislaus County Board of Supervisors, the Contra Costa Board of Supervisors

25   and others.  She alleges Constitutional deprivations based upon alleged criminal activity against her

26

27   _____

28   [1] On November 20, 2014, Defendant City of Modesto filed a motion to dismiss the first
amended complaint of Plaintiff Melanie C. Latronica.  (Dkt. No. 26.)

United States District Court

Northern District of California

1   and "the girls," in the form of torture, slavery, forced injections, spraying with poisons and

2   chemicals, and procedures involving "internal animation technology," among other allegations.  She

3   alleges that her claims arise under 42 U.S.C. sections 1983 and 1988, as well as the California

4   Victim's Bill of Rights Act, and 18 U.S.C. section 1595 regarding restitution to victims of human

5   trafficking and forced labor.

6        Defendant City of Modesto seeks an order dismissing the First Amended Complaint for

7   failure to state a claim upon which relief may be granted under Rule 12(b)(6) of the Federal Rules of

8   Civil Procedure.  Dismissal is appropriate when a plaintiff fails to state a claim that has facial

9   plausibility such that the court can draw a reasonable inference that the defendants are liable for the

10  misconduct alleged.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).  Further, dismissal is proper

11  when the complaint fails to set forth a "cognizable legal theory" that could entitle the plaintiff to

12  relief.  *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008).

13       Here, the allegations against Defendant City of Modesto specifically are that the Modesto

14  Police Department kidnapped her and sent her to a torture facility in Bakersfield, and engaged in

15  "illegal activity" while she was in Los Banos and Merced.  The allegations are incomprehensible to

16  the point that the defendant cannot be expected to respond or to identify any defenses that may apply.

17  Though abundant, the allegations are largely conclusory.  More significantly, the allegations of the

18  First Amended Complaint do not have facial plausibility.

19       As a consequence, the Motion of Defendant City of Modesto to Dismiss is **GRANTED**.

20  Because Latronica was given an opportunity to amend already in this action, and made essentially

21  identical allegations and claims, no leave to amend is granted.  Defendant City of Modesto is

22  **DISMISSED**.[2]

23       The Court also finds it appropriate to dismiss this action against the remaining defendants.  A

24  court may properly dismiss a complaint *sua sponte* where the plaintiff cannot possibly win relief

25  under the statute urged.  *Wong v. Bell*, 642 F.2d 359, 362 (9th Cir. 1981).  Although a court can

26

27          [2]  Despite Defendant's request, the Court declines to declare Plaintiff a vexatious litigant at
    this juncture.  While courts have the inherent power to issue restrictive pre-filing orders against
28  vexatious litigants, such orders are only rarely issued.  *De Long v. Hennessey*, 912 F.2d 1144, 1147
    (9th Cir. 1990) ("such pre-filing orders should rarely be filed").

3

make such an order even without providing plaintiff an opportunity to respond, here the Court has given Latronica the opportunity to amend her complaint and to show cause why the First Amended Complaint should not be dismissed.  Neither opportunity has resulted in the filing of a comprehensible complaint.

Therefore, the Court Orders that this Action is **DISMISSED** as against all defendants.  All pending motions and requests are terminated.  The Clerk is directed to close the case file.

**IT IS SO ORDERED.**

Date: February 4, 2015

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

United States District Court
Northern District of California

4