UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELANIE C. LATRONICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HERMESH LEE SANGHA, et al.,<br><br>　　　　　Defendants. | Case No. 14-cv-04257-YGR (JST)<br><br>**ORDER DENYING MOTION TO DISQUALIFY JUDGE**<br><br>Re: ECF No. 55 |

Before the Court is Plaintiff's Motion to Disqualify Judges and Their Ordered Recusal, ECF No. 55. In her Motion, Plaintiff seeks U.S. District Judge Gonzales Rogers' disqualification from this case. Id. For the reasons set forth below, the Court will deny the motion.

## I.    BACKGROUND

Plaintiff filed this action against a number of private and public entity Defendants, including the City of Modesto, the Stanislaus County Board of Supervisors, and the Contra Costa County Board of Supervisors. See ECF Nos. 1, 16. Plaintiff alleges constitutional deprivations based upon alleged criminal activity against her and "the girls," in the form of torture, forced injections, spraying chemicals, and procedures involving "internal animation technology," among other allegations. See ECF No. 16.

Judge Gonzalez Rogers dismissed Plaintiff's initial complaint with leave to amend. See ECF No. 9. Plaintiff filed an amended complaint, ECF No. 16, but on February 4, 2015, Judge Gonzalez Rogers granted Defendant City of Modesto's Motion to Dismiss the amended complaint, and dismissed the action against all Defendants, ECF No. 53. Following dismissal, Plaintiff filed her motion for disqualification, alleging that Judge Gonzalez Rogers is biased and prejudiced against her. ECF No. 55.

Judge Gonzalez Rogers referred the motion for disqualification to another judge of this

1  Court.  ECF No. 59.  On May 14, 2015, the Court's Executive Committee randomly assigned the
2  Motion to the undersigned pursuant to Civil Local Rule 3-14.  ECF No. 60.

3  **II.    LEGAL STANDARD**

4  Under 28 U.S.C. § 144 ("section 144"), "[w]henever a party to any proceeding in a district
5  court makes and files a timely and sufficient affidavit that the judge before whom the matter is
6  pending has a personal bias or prejudice . . . against him . . . , such judge shall proceed no further
7  therein, but another judge shall be assigned to hear such proceeding."  Any affidavit filed under
8  this rule "shall state the facts and the reasons for the belief that bias or prejudice exists . . . ."  28
9  U.S.C. § 144.

10  In evaluating alleged bias or prejudice under section 144, the court must consider the
11  source of the facts asserted in the movant's affidavit, the effect of those facts on a decision on the
12  merits, and the substantiality of the support given by the facts to the allegation of bias.  United
13  States v. Azhocar, 581 F.2d 735, 739-40 (9th Cir. 1978).  In order to prevent abusive use of
14  section 144, the movant must provide details of the "definite time and place and character" of the
15  alleged bias or prejudice.  Grimes v. United States, 396 F.2d 331, 333 (9th Cir. 1968) (citing
16  Berger v. United States, 255 U.S. 22, 34 (1921)).

17  The standard for recusal or disqualification under section 144 is "whether a reasonable
18  person with knowledge of all the facts would conclude that the judge's impartiality might
19  reasonably be questioned."  United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986) (citations
20  omitted).  The bias and prejudice alleged under section 144 generally must stem from a source
21  outside the judicial proceeding at hand.  Liteky v. United States, 510 U.S. 540, 544-46 (1994)
22  (citations omitted); Studley, 783 F.2d at 939 ("The alleged prejudice must result from an
23  extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal.").

24  A party seeking disqualification bears a "substantial burden" of showing bias; absent such
25  a showing, courts presume impartiality.  See United States v. Zagari, 419 F. Supp. 494, 501, 506
26  n.30 (N.D. Cal. 1976) (citations omitted).

27  **III.   ANALYSIS**

28  The primary basis for Plaintiff's motion appears to be that Plaintiff disagrees with Judge

1  Gonzalez Rogers' prior rulings.[1]  But the law is clear that, in general, "a judge's prior adverse
2  ruling is not sufficient cause for recusal."  Studley, 783 F.2d at 939; see also Grinnell, 384 U.S. at
3  583; Liteky, 510 U.S. at 556.  In some cases, a judicial ruling can constitute evidence of bias, but
4  only if the ruling displays an "antagonism that would make fair judgment impossible."  Liteky,
5  510 U.S. at 555.  Plaintiff has not shown any such antagonism here.

6  Judge Gonzalez Rogers dismissed Plaintiff's complaint and amended complaint because
7  she found that Plaintiff failed to state a facially plausible claim.  ECF Nos. 9, 53; see Ashcroft v.
8  Iqbal, 556 U.S. 662, 678 (2009).  From the allegations in the complaint, Judge Gonzalez Rogers
9  was unable to draw the reasonable inference that Defendants were liable for the misconduct
10 Plaintiff alleged.  See ECF No. 53 at 3.  Judge Gonzalez Rogers noted that Plaintiff's allegations
11 against Defendants were largely incoherent, and did not state *any* plausible claim.  See id.
12 Moreover, the Judge found that dismissal was proper because the complaint did not set forth a
13 "cognizable legal theory" that could entitle Plaintiff to relief; Judge Gonzalez Rogers was unable
14 to discern from Plaintiff's complaint what claims Plaintiff alleged against whom, and what relief
15 Plaintiff sought.  See id.  None of Judge Gonzalez Rogers' findings even hint at the kind of
16 antagonism that would be required to compel her disqualification.

17 And aside from Plaintiff's objection to Judge Gonzalez Rogers' dismissal of her case, the
18 Court finds that Plaintiff's affidavit is legally insufficient to merit disqualification.  See Azhocar,
19 581 F.2d at 739; Grimes, 396 F.2d at 333.  The affidavit lacks the requisite detail of the definite
20 time, place, and character of facts or circumstances that would suggest Judge Gonzalez Rogers'
21 extrajudicial bias or prejudice against Plaintiff.  Grimes, 396 F.2d at, 333.  In addition to being
22 largely incoherent, Plaintiff's motion merely expresses her personal belief that the judge has
23 committed errors.  See n.1, supra; ECF No. 55 at 3.  Plaintiff also asserts several instances of the
24 Judge's alleged wrongdoing without presenting any specific facts to substantiate her claims.  See,
25 e.g., id.  Plaintiff's affidavit consists exclusively of "unsupported opinion" and is therefore

---

[1] See, e.g., Plaintiff's Affidavit in Support of Motion to Disqualify Judge, ECF No. 55, ¶ 2 (Judge Gonzalez Rogers said Plaintiff was vexatious, and denied her request for a restraining order); ¶ 7 (hearing was not held on Plaintiff's Motion for Default Judgment); ¶ 8 (Judge Gonzalez Rogers commented that Plaintiff "cannot possibly win relief under the statute urged").

"frivolous." Berger, 255 U.S. at 33.

In light of the foregoing, the Court finds that Plaintiff has not met her substantial burden of proving bias or prejudice. Zagari, 419 F. Supp. at 501, 506 n.30.

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion to disqualify Judge Gonzalez Rogers is denied.

IT IS SO ORDERED.

Dated: May 29, 2015

_____
JON S. TIGAR
United States District Judge

4