United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **MELANIE C. LATRONICA,**<br><br>    Plaintiff,<br><br>vs.<br><br>**MARTIN O. HALFHILL,** *et al.,*<br><br>    Defendants. | Case No.: 14-cv-4257 YGR<br><br>**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT AND EX PARTE APPLICATION**<br><br>**DKT. NOS. 54, 56** |

*Pro se* Plaintiff Melanie C. Latronica ("Latronica") filed this action on September 19, 2014. By order dated February 4, 2015, this Court dismissed the instant action. (Dkt. No. 53.)

On April 15, 2015, Latronica filed her "Motion For Disqualification of Judges and Their Ordered Recusal Voiding Judgment Order In It's [*sic*] Entirety." (Dkt. No. 55, "Motion to Disqualify.") Therein, Latronica indicated that she was seeking disqualification of the undersigned pursuant to 28 U.S.C. section 144, in addition to relief from a judgment or order under Rule 60 of the Federal Rules of Civil Procedure. That same day, Latronica filed separate documents entitled Ex Parte Application Motion Request or Filings To Go To the Judges Requested for Ex Parte Communication" (Dkt. No. 54, "Ex Parte") and "Motion for Relief from Judgment and Order From YGR & ET Judges" (Dkt. No. 56, "Rule 60 Motion").

In accordance with 28 U.S.C. 144 and Local Rule 3-14, the undersigned referred the Motion to Disqualify and any other request for disqualification made in connection with Plaintiff's other April 15, 2015 filings, for random reassignment to another judge of this court. The disqualification issues were assigned by the Court's Executive Committee to Judge Jon S. Tigar. (Dkt. No. 60). On May 29, 2015, Judge Tigar issued an Order Denying the Motion to Disqualify. (Dkt. No. 62.) The disqualification having been resolved, the Court now addresses the other pending matters: the Ex Parte and the Rule 60 Motion.

The Ex Parte invoked the Administrative Procedure Act and sought a sanction or the setting of a hearing. (Ex Parte at 2, 3.) The Rule 60 Motion, in addition to asking for reassignment of the instant case, sought relief from judgment pursuant to FRCP 60 on a number of grounds (excusable neglect, discovery of new evidence, fraudulent concealment, void judgment, and judgment was satisfied, released or discharged), as well as other "extraordinary circumstances" justifying relief. Plaintiff alleged that she can has claims under the Electronic Communications Privacy Act 18 U.S.C. § 2510, which provides relief for persons whose wire, oral or electronic communications are intercepted or disclosed illegally, and the Stored Communications Act 18 U.S.C. § 2710, which authorizes relief to persons who have been subject to unlawful use of or access to their electronic records. She alleges that she is a "victim of technology" as well as "chattel slavery, identity theft, involuntary servitude, gross life deprivation and being under some [sic] else's control (intellectual property owner and chattel owner" violating their liberty bodily integrity and their right to live and conduct their own lives, their will, their flow." (Motion at 5.)

As with Plaintiff's complaint and amended complaint in this action, the basis for her motion here is largely incomprehensible and completely implausible. She has not established any grounds for relief from this Court's order dismissing her amended complaint.

The Motion and the Ex Parte are **DENIED**.

This order terminates Dkt. Nos. 54 and 56.

**IT IS SO ORDERED.**

Dated: June 29, 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

2